UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X

OVIE IGBAYO,

                   Plaintiff,

    -against-

THE CITY OF NEW YORK
AND N.Y.C. POLICE OFFICER
DAVID SANSONE, SHIELD #02861,
SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

                Defendants.

----------------------------------------------------X

**JUDGE PAULEY**

# 12 CIV 6976

VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

1. This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, and violation of New York State law, by reason of the unlawful acts of defendants.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3.      Plaintiff is a resident of Richmond County, New York City in New York State.

4.      At all times hereinafter mentioned, the Defendant Police Officer was an employee of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. He is being sued individually and in his official capacity as a New York City Police Officer.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

9.      At all relevant times, plaintiff was employed as a substitute New York City schoolteacher. He also had been supplementing his income by working part-time selling polished stones on the sidewalks of New York City.

2

10.    Plaintiff did not possess a Department of Consumer Affairs vending license because of his reasonable belief that he did not need a license as a N.Y. State judge in Manhattan had ruled in 2010 that this activity was protected speech within the ambit of the First Amendment. (People v. Silva-Almodovar, (Crim. Ct. NY County, J. Sciarrino).

11.    Plaintiff had appticed under Silva-Almodovar, and was aware that Silva-Almodovar continued to sell his stones in Manhattan without a vending license.

12.    After the Silva-Almodovar decision, on numerous occasions plaintiff observed that the NYPD Peddler Task Force police would enter the Union Square area and arrest other unlicensed vendors of non-protected goods, but they did not disturb Silva-Almodovar.

13.    On some occasions, plaintiff overheard the officers stating to one another that Silva-Almodovar could not be arrested for his activities.

14.    Months before his arrest, concerned that he might be arrested for selling his polished stones, plaintiff went to the Department of Consumer Affairs (DCA) office in lower Manhattan and spoke to a representative about his planned vending.

15.    At that time, plaintiff was given a handout which detailed what activities required a license and what types of items did not require a license. The representative told him that his polished stones fell under "sculptures", and therefore were exempt from the licensing requirement.

16.    On October 20, 2011, at about 11:00 A.M., plaintiff set up a table to sell polished stones on the sidewalk in the vicinity of 6th Avenue and 19th Street, NY, NY.

17.    On that date, plaintiff carried on his person a copy of the decision, People v. Silva-Almodovar, (Crim. Ct. NY County, J. Sciarrino), which had been published in the New York Law Journal on May 4, 2010.

18.    Plaintiff also carried with him the handout provided to him by the DCA

3

representative. The handout stated that "visual art" was exempt from the licensing requirement. It had the following items listed in bullet points:

- paintings

- photographs

- prints

- sculptures.

19.     Nonetheless, on that date, at approximately 3:00 P.M., the defendant officer confronted plaintiff and demanded to see his license.

20.     Plaintiff attempted to explain that no license was required, and showed him the DCA handout and the Silva-Almodovar Decision.

21.     Notwithstanding plaintiff's proffer of evidence of the legality of his actions, the defendant officer charged him with Unlicensed General Vending.

20.     Plaintiff was taken into custody, his art was seized, and after about four hours he was released with a desk appearance ticket.

21.     Plaintiff was ultimately acquitted at a bench trial by Judge Mella on March 2, 2012.

22.     Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

23. Defendant City knew or should have known that prior to the date of this incident

4

the defendant officers had been engaged in the perpetration of unlawful arrests and other unlawful, in that, upon and information and belief, there were prior reports of such unlawful conduct by these officers.

24. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

25. On April 10, 2012, a Notice of Claim was served upon the Defendant New York City, setting forth:

    a)    The name and post office address of the Claimant and his attorney;
    b)    The nature of the claim;
    c)    The time when, the place where, and the manner in which the claim arose;
    d)    The items of damages and injuries sustained so far as practicable.

26. The Notice of Claim was served upon the Defendant within 90 days after Plaintiff's cause of action accrued.

27. Plaintiff's 50-H deposition was conducted on May 24, 2012.

28. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

29. This action has been commenced within one year and 90 days after Plaintiff's cause of action accrued.

30. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

**FOR A FIRST CAUSE OF ACTION FOR**
**VIOLATION OF CIVIL RIGHTS**

31. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

32. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

33. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

34. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

**SECOND CAUSE OF ACTION**
**FOR VIOLATION OF CIVIL RIGHTS**

35. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

36. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty

6

without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

37. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## ABUSE OF PROCESS AND MALICIOUS PROSECUTION

38. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

39. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

40. As a result of said abuse of process and malicious prosecution, plaintiff was compelled to come to court. On or about November 25, 2009, plaintiff was acquitted of all charges.

41. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

**VERIFICATION**

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
        September 14, 2012

STEVEN A. HOFFNER, Esq.

9